Delaney, P.J., dissenting.
{¶ 45} I concur in the majority's disposition of Zifer's first assignment of error but respectfully dissent from the majority's disposition of Zifer's second assignment of error. For the following reasons, I would reverse the trial court's finding Huffman was not in contempt for his failure to pay spousal support.
{¶ 46} Huffman has been employed as a licensed pharmacist in the State of Ohio for over 33 years, routinely earning over *923 $100,000 a year. The issue in this case is whether Huffman has met his burden to demonstrate his inability to pay his ongoing spousal support obligation.
{¶ 47} The magistrate, who oversaw the hearing and took testimony on this matter, issued a finding that Huffman was "severely underemployed." Nevertheless, the trial court found Huffman had been unsuccessful in becoming re-employed in the pharmaceutical field "due to no fault of the Defendant or lack of effort on his part to become re-employed in the field".
{¶ 48} First, the evidence demonstrated Huffman's income was routinely over $100,000. Due to his voluntary actions, he was sanctioned for past pharmacy violations and his employment was terminated for a later internal violation. His license to work as a pharmacist, however, remained in place. On February 12, 2016, the trial court filed a judgment entry ordering an initial continuing seek work order. Based on information furnished by the Tuscarawas County Child Support Enforcement Agency, the trial court determined Huffman was unemployed and had no income. It further determined Huffman was able to engage in employment. Pursuant to R.C. 3121.03(D)(1), the trial court ordered Huffman to seek employment at 30 places per month and provide written proof to Tuscarawas County CSEA. At the contempt hearing, Huffman presented no evidence as to his compliance with that order.
{¶ 49} In Katchmar v. Katchmar , 5th Dist. Fairfield No. 16-CA-36, 2017-Ohio-2974, 2017 WL 2265548, this court reviewed a spousal support order where the trial court imputed income to an appellant based on his earning ability. The appellant had been employed as an executive in security management when he was laid off. At the time of his termination, the appellant was earning over $200,000. Id. at ¶ 6. When determining spousal support, the appellant argued he could not find employment as an executive in security management. He stated his intent was to be self-employed as a massage therapist and expected to earn $40,000 per year. Id. ¶ 12. The trial court found the appellant to be underemployed and imputed income to the appellant in the amount of $75,000 based on his managerial background and transferrable skills. Id. at ¶ 17.
{¶ 50} On appeal, we affirmed the decision of the trial court. We found that based on the appellant's earning history, managerial background, and the transferrable skills the appellant acquired during his executive-level employment, the trial court correctly found the appellant was capable of earning more than $40,000 per year. Id. at ¶ 30.
{¶ 51} While the present case did not ask the trial court to consider imputation of income, the issue of Huffman's ability to find employment was called into question. The magistrate found that Huffman was severely underemployed. Huffman had been working as a pharmacist since 1984. In prior years, he earned over $100,000 per year. At the time of the divorce, Huffman was earning $120,000 as year as a pharmacist. The Ohio State Board of Pharmacy sanctioned Huffman, but Huffman retained his license and continued to work for CVS earning $120,000. As in Katchmar , supra, we find based on Huffman's earning history and transferrable skills, Huffman did not demonstrate he made reasonable efforts to find employment.
{¶ 52} Second, Huffman stated he paid some spousal support from his retirement benefits. Huffman testified he had worked as a pharmacist since 1984 and earned over $100,000 in income. He provided no testimony why he was able to pay some spousal support from his retirement benefits and could no longer use that resource to meet his spousal support obligations.
*924 {¶ 53} Finally, Huffman's testimony showed he earned unemployment benefits, but he made no effort to determine if his spousal support obligation was paid from those benefits.
{¶ 54} I would find the trial court abused its discretion when it found Huffman had made reasonable efforts to find employment and was unsuccessful due to no fault of his own. First, if Huffman was unemployed due to sanctions and terminations, those precipitating actions were within his control. Second, based on Huffman's earning history and transferrable skills, I would find Huffman had not made reasonable efforts to find employment. Third, Huffman testified he had financial resources to pay some spousal support but did not explain why those resources were no longer available to him.
{¶ 55} Accordingly, I would sustain Zifer's second Assignment of Error and reverse the May 17, 2017 judgment entry and the remand for further proceedings. Lastly, I would find Zifer's third Assignment of Error moot based upon the reversal of the second Assignment of Error.